UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARGARITA BANUELOS,<br>    Plaintiff,<br>v.<br><br>ALLSTATE TEXAS LLOYD'S,<br>ALLSTATE TEXAS LLOYD'S, INC.,<br>and<br>ERLINDA T. LAVERDE,<br>    Defendants. | § § § § § § § § § § § § | EP-12-CV-00232-DCG |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered "Motion for Remand" (ECF No. 6) filed by Plaintiff Margarita Banuelos's ("Banuelos") and "Response to Plaintiff's Motion to Remand in Supplement to Its Notice of Removal" (ECF No. 10) filed by Defendant Allstate Texas Lloyd's ("Allstate") in the above-captioned removed action. After considering Banuelos's state-court complaint, the parties' argument, the appropriate evidence, and the applicable law, the Court, for the reasons set forth below, **GRANTS** the motion to remand and **REMANDS** the case to state court.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant Allstate is an unincorporated association of underwriters conducting business in Texas as a Lloyd's plan insurer. Defendant Allstate Texas Lloyd's, Inc. ("Allstate-Inc."), a Texas Corporation with its principal place of business in Irving, Texas, serves as the attorney-in-fact for Allstate as required by the Texas Insurance Code. Banuelos purchased a homeowners policy issued by Allstate through Defendant Erlinda T. Laverde ("Laverde"), an insurance agent

licensed in Texas, and her agency "Linda Laverde Allstate Insurance Agency." The policy covered Banuelos's property, a dwelling in El Paso, Texas, for the policy period effective June 20, 2010, through June 20, 2011. During the policy period, Banuelos's property allegedly sustained water damage caused by accidental leaks from within a domestic plumbing system, HVAC system, and other appliances. Banuelos reported the incident to Allstate and filed a claim for a loss under the policy.

On May 11, 2012, Banuelos filed a suit in the County Court at Law Number Five of El Paso County, Texas, in the Cause Number Cause 2012-DCV04064, against Defendants Allstate, Allstate-Inc., and Laverde. In that action, Banuelos seeks recovery for monetary damages from the water damage, including the cost of construction, repairs, and restoration of the insured property. Against Allstate and Allstate-Inc., Banuelos asserts state-law claims for violations of, *inter alia*, good faith and fair dealing, Chapters 541 and 542 of the Texas Insurance Code, and Texas Deceptive Trade Practices Act. Specifically, she alleges, *inter alia*, that Allstate and Allstate-Inc. delayed, grossly underpaid, and failed to properly investigate some or all of Plaintiff's covered losses with no reasonable basis. Her claims asserted against Laverde are premised on the allegations that Laverde misrepresented material facts to Plaintiff, failed to properly process her claim, failed to use ordinary care, and was, therefore, negligent in recommending to Plaintiff a contractor, who was not competent and/or qualified to perform the work estimated by Allstate. On May 21, Allstate was served with process and Banuelos's state court complaint (the record indicates that Laverde and Allstate-Inc. were also served, but their date of service is not indicated), and the defendants filed an answer on June 7.

On June 14, Allstate removed the case to this Court based on diversity of citizenship. In its notice of removal, Allstate contends that it is not a Texas citizen for purposes of diversity

because none of its underwriters are citizen of Texas. Although Allstate-Inc. and Laverde are Texas citizens, Allstate avers that Banuelos "fraudulently joined" them in the suit for the sole purpose of defeating diversity of citizenship. Specifically, it argues that Allstate-Inc. is not a member of or underwriter in Allstate; Allstate-Inc. did not issue the policy; as the attorney-in-fact, Allstate-Inc. is not a real party in interest for purposes of diversity jurisdiction; and Banuelos did not allege any independent misconduct by Allstate-Inc. Laverde, contends Allstate, was fraudulently joined because Banuelos's complaint fails to state an actionable claim against her. On July 17, Banuelos filed the instant motion to remand, disputing Allstate's "fraudulent joinder" arguments. Subsequently, Allstate filed a response to the motion, and Banuelos filed a reply to Allstate's response.

## II. APPLICABLE LAW AND STANDARD

To remove a civil action from a state court to a federal court on the basis of diversity jurisdiction, the removing defendants must show, *inter alia*, that there is complete diversity of citizenship among the parties and that no defendant properly joined is an in-state defendant, i.e., a citizen of the state in which the action is brought. 28 U.S.C. §§ 1332, 1441(a)–(b); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (*en banc*). That requisite showing is subject to a narrow exception—the doctrine of fraudulent joinder, or more accurately, improper joinder.[1] *Id.*; *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). The doctrine "ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing defendants carry the heavy burden of proving improper joinder,

---

[1] Fifth Circuit precedent interchangeably uses the terms "fraudulent joinder" and "improper joinder" to describe the joinder of non-diverse defendants to defeat removal or diversity jurisdiction. Although there is no substantive difference between the two terms, "improper" joinder is the preferred term. *Smallwood*, 385 F.3d at 571 n.1.

*Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999), and if that burden is not met, the defendants are "not entitled to remove, and remand is mandated," *Smallwood*, 385 F.3d at 575. Improper joinder may be established by showing: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573. Because Allstate-Inc. and Laverde are citizens of Texas for diversity purposes, only the second method of establishing improper joinder is before the Court.

Under the second method, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* In making this determination, the court must evaluate any ambiguity or uncertainty in the controlling state law and all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of material fact in favor of the plaintiff. *Griggs*, 181 F.3d at 699; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). The court does not determine "whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Guillory*, 434 F.3d at 309 (citations omitted). "'This *possibility, however, must be reasonable*, not merely theoretical.'" *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (emphasis in original) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

To determine whether a plaintiff has a reasonable basis of recovery against an in-state defendant, a court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-

state defendant." *Smallwood*, 385 F.3d at 573. Ordinarily, if a plaintiff survives a "hypothetical" Rule 12(b)(6) challenge, there is no improper joinder. *Id.*; *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 224 (5th Cir. 2005). However, even if the plaintiff states a valid claim, a court in its discretion may "pierce the pleadings" and conduct a "summary inquiry," *Smallwood*, 385 F.3d at 573, which is appropriate "'only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant,'" *Guillory*, 434 F.3d at 310 (quoting *Smallwood*, 385 F.3d at 574). That inquiry allows a district court to look beyond the pleadings and consider summary judgment-type evidence in the record. *Travis*, 326 F.3d at 648–49. The district court, however, "is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).

Finally, "as 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'" *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995)). The federal courts "must not trespass upon the judicial 'turf' of the state courts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981). Accordingly, courts must strictly and narrowly interpret the removal statutes, resolving any doubt about the propriety of removal in favor of remand. *Gasch*, 491 F.3d at 281–82 (citation omitted).

### III. DISCUSSION

Banuelos state-court complaint indicates that she seeks to hold Allstate vicariously liable for the alleged misconducts by its agent, Laverde. Pl.'s Original Pet., Demand for Jury, Req. for Produc. & Req. for Disclosure 2, 9 [hereinafter Compl.], ECF No. 2-1. *See Celtic Life Ins. Co. v.*

*Coats*, 885 S.W.2d 96, 98 (Tex. 1994) ("An insurance company is generally liable for any misconduct by an agent that is within the actual or apparent scope of the agent's authority."). Her complaint makes the following factual allegations respecting Laverde's misconducts:

> Plaintiff alleges that [ERLINDA LAVERDE] failed to properly process the claim, and has misrepresented material facts to the Plaintiffs [sic]. ERLINDA LAVERDE failed to use ordinary care and was, therefore, negligent in recommending a contractor to the insured who was not competent and/or qualified to perform the work estimated by Allstate. Her negligence and misrepresentations, which were understandably relied upon by the insured, have been the proximate cause of additional damages to the insured, essentially exacerbating an already bad situation. Defendant LAVERDE misled Plaintiff.

*Id.* at 9. Banuelos seeks to hold Laverde liable for negligently recommending an incompetent and/or unqualified contractor. *Cf. Greenstein, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 188–89 (Tex. App.—Waco 1987, writ denied) (holding an accountant may be liable for negligently misrepresenting that an incompetent CPA is competent when recommending him for a job). Banuelos's complaint thus asserts that Laverde had a duty to use reasonable care in recommending a contractor. In her motion to remand, she explains that Laverde voluntarily assumed that duty, and therefore that the facts alleged in her complaint sound in a cause of action for negligent undertaking.

Accordingly, the issue under a hypothetical Rule 12(b)(6)-type analysis is whether the alleged factual content allows the court to draw the reasonable inference that Laverde could be liable for negligent undertaking. To prevail on a voluntary or negligent undertaking claim, a plaintiff must prove that: (1) the defendant gratuitously or for compensation undertook to perform services that it knew or should have known were necessary for the plaintiff's protection, (2) the defendant failed to exercise reasonable care in performing those services, and (3) either the plaintiff relied on the defendant's performance, or the defendant's performance increased the

plaintiff's risk of harm. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000) (citing *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 119–20 (Tex. 1976), and Restatement (Second) of Torts § 323). Moreover, Texas courts have recognized negligent undertaking in situations involving injury to property belonging to a party involved. *Sibley v. Kaiser Found. Health Plan*, 998 S.W.2d 399, 403 (Tex. App.—Texarkana 1999, no pet.) (listing as an example *Colonial Sav. Ass'n*, 544 S.W.2d 116, *supra*).

In her complaint, Banuelos alleges that her property sustained significant water damage and required significant repair. Compl. 3. She asserts that she promptly notified the defendants, *id.*, and that they were aware of the need for repair. *Id.* at 4. Moreover, she avers that the amount owed to her under the policy was "not paid in full," *id.* at 8, but that Allstate completed an estimate of the work needed to repair the damage, *id.* at 9 ("the work estimated by Allstate"). Accepting Banuelos's allegations as true, they suggest that Allstate paid or agreed to pay Banuelos some, but not the full, amount of money owed under the policy to repair her property and therefore she was in need of a contractor to make those repairs. Furthermore, they lead to the inference that Laverde, as Allstate's agent, knew or should have known that Banuelos's property was in need of repairs and Banuelos was in need of a contractor to make the work estimated by Allstate. Banuelos also alleges that Laverde recommended such a contractor for the repair work. *Id.* In making that recommendation, as Banuelos's allegations indicate, Laverde represented that the contractor was competent and/or qualified, but that the contractor was not. *Id.* Read in the context of the facts alleged, the word "recommend" suggests that Laverde acted gratuitously. Banuelos further asserts that she relied upon Laverde's recommendation and as a result, suffered "additional damages . . . exacerbating an already bad situation." *Id.* Thus, Banuelos's alleged reliance on that recommendation leads to the inference that she hired the

recommended contractor, but the contractor's inadequate performance of the work caused additional damages to her property. Thus, "evaluat[ing] all of the factual allegations in the light most favorable to the plaintiff," *Guillory*, 434 F.3d at 308, the Court finds that Banuelos's complaint, though tersely written, states a claim for negligent undertaking against Laverde and therefore survives a hypothetical Rule 12(b)(6)-type challenge.

In their briefs filed in connection with the instant motion, the parties dispute whether Laverde or a third-party recommended the contractor.[2] Their briefs contain summary judgment-type evidence: an affidavit by Laverde and another by Banuelos. These affidavits reveal that the contractor was one Carlos Hermosillo of So Cal Exteriors. Laverde affirms that she did not recommend Hermosillo or any other contractor to Banuelos. Allstate's Resp. to Pl.'s Mot. to Remand in Supp. to Its Notice of Removal, Ex. A, at 1 (affidavit of Laverde). According to her, it was Hermosillo who offered his services to Banuelos. She explains:

> [D]uring February 2011, Banuelos visited my office several times in relation to her Claim. During one of Banuelos' visits, Carlos Hermosillo, another insurance customer, was present in the waiting area of my office. During this visit, Banuelos inquired whether I knew of any knowledgeable contractors. I responded that I was not allowed to provide such information. *At the same time, Mr. Hermosillo announced to Banuelos that he was a contractor and volunteered his services.*

*Id.* (emphasis added). Banuelos, in her affidavit, provides a competing narrative. She affirms that Laverde introduced Banuelos to Hermosillo. Pl.'s Mot. for Remand, Ex. A, at 2 (affidavit of Banuelos). According to her, Laverde told Banuelos that he and So Cal Exteriors were "licensed

---

[2] In *Smallwood*, 385 F.3d 568, *supra*, the Fifth Circuit provided the kind of discrete and undisputed facts in search of which a trial court may conduct a summary inquiry: "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be dis-proved if not true." *Smallwood*, 385 F.3d at 574 n.12. The parties' dispute here is similar to the *Samllwood* example of whether the in-state doctor defendant did not treat the plaintiff patient.

mold remediation contractors," that "he had done other mold remediation jobs for [Laverde]," and that "he would do an excellent job" for Banuelos. *Id.*

The parties therefore paint a starkly different picture on the question of whether Laverde recommended Hermosillo to Banuelos. The resolution of such a fact dispute would require substantial hearing and further evidence. Such proceedings, however, are beyond the purview of this Court's summary inquiry into improper joinder.[3] Moreover, in deciding on whether there is no reasonable basis for the Court to predict that the plaintiff might be able to recover against an in-state defendant, the Court "must not 'pre-try' substantive factual issues," *B., Inc.*, 663 F.2d at 546, but instead "resolv[e] all contested issues of substantive fact in favor of the plaintiff," *Guillory*, 434 F.3d at 308. Accordingly, the Court finds, for purposes of improper joinder, that Laverde gratuitously recommended Harmosillos when Banuelos sought her advice and she represented that Harmosillos was a competent and licensed mold remediation contractor.

Consequently, the Court concludes that Allstate has failed to carry its heavy burden to show that there is no possibility of recovery by Banuelos against Laverde under Texas law and thus to establish that Laverde's joinder was improper. The Court therefore is of the opinion that the case must be remanded to the state court.[4]

---

[3] *See Smallwood*, 385 F.3d at 574 ("Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined.").

[4] The Court need not explore Banuelos's other claims alleged against Laverde. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 208 (5th Cir. 1983) ("If even one of [Plaintiff's] many claims might be successful, a remand to state court is necessary."). Further, it need not evaluate whether the joinder of Allstate-Inc. was improper, because Laverde's proper joinder alone defeats complete diversity and prevents removal premised on diversity jurisdiction. *B., Inc.*, 663 F.2d at 555 (stating if even one of the four named in-state defendants were not improperly joined, remand is called for).

## IV. CONCLUSION

For the foregoing reasons, the Court enters the following orders:

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Remand" (ECF No. 6) is **GRANTED** and the above-captioned cause is **REMANDED** to the County Court at Law Number Five of El Paso County, Texas.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED AS MOOT**.

1**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this matter.

So **ORDERED** and **SIGNED** this the 20th day of August, 2012.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE